IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LORIE A. GARVIN                                                              PLAINTIFF

V.                                          CIVIL ACTION NO. 1:06CV052-D-A

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY                                            DEFENDANT

## REPORT AND RECOMMENDATION

       This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Lorie A. Garvin for disability benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act.

### I. FACTUAL AND PROCEDURAL HISTORY

       The plaintiff was born on April 30, 1964 and was forty years old at the time of the hearing decision on August 19, 2005. She completed the twelfth grade in school. The plaintiff's past relevant work has been as a furniture factory worker, mobile home fabricator and as a factory worker. She filed her application for disability insurance benefits and SSI on January 12, 2004. In her applications, she alleged a disability onset date of October 15, 2003, due to neck, shoulder and back pain and numbness in her right hand and left leg The Social Security Administration denied plaintiff's application initially and on reconsideration. Following a hearing, on June 21, 2005, the Administrative Law Judge ("ALJ") entered a decision, finding that the plaintiff was not disabled. On November 5, 2005, the Appeals Council denied the plaintiff's request for review. Thereafter, the plaintiff filed the present action with this court. The ALJ's final hearing decision is now ripe for review.

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[5] Fourth, the plaintiff bears the burden of proving she is incapable of meeting the physical and mental demands of her past relevant work.[6] If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (1998).

[2] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (1998).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (1998).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (1998). If a claimant's impairment meets certain criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. §§ 404.1525, 416.925 (1998).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (1998).

[7] 20 C.F.R. §§ 404.1520(f)(1), 416.920(f)(1) (1998).

given the chance to prove that she cannot, in fact, perform that work.[8] In the instant case the ALJ found at step four that the plaintiff was able to return to her past work. Therefore the burden never shifted to the Commissioner at step five of the sequential evaluation process. *Fraga v. Bowen*, 810 F.2d 1296, 1301-02 (5th Cir. 1987).

By decision dated August 19, 2005, the ALJ found that the plaintiff suffered from a "severe" impairment, degenerative disc disease, but that she did not have an impairment or combination of impairments medically equal to the listings in Appendix 1, Subpart P, Regulation No. 4, and that she was not under a disability as defined by the Social Security Act. On appeal, the Appeals Council considered all the evidence before it, including the reasons plaintiff stated she disagreed with the decision of the ALJ and the additional medical evidence submitted to the council, but found that there was no basis for changing the ALJ's decision.

On appeal to this court the plaintiff makes the following arguments: (1) the decision is not supported by substantial evidence; (2) the testimony of the Vocational Expert ("VE") was incomplete in that he did not testify whether fine manipulation of the hands was required by the jobs identified, and if so, whether plaintiff could then perform those jobs; (3) the ALJ based his decision on a consultative examination and not on the medical record as a whole; and (4) the ALJ failed to consider all medical evidence, specifically the MRI report that was unavailable at the time of the hearing but was later submitted. The court will address the plaintiff's arguments.

## II. STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*,

---

[8]*Muse*, 925 F.2d at 789.

402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further stated that substantial evidence:

> must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'

*Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Further, in Social Security disability review cases, where § 405(g) governs the standard of review, *Frith v. Celebrezze*, 333 F.2d 557, 560 (5th Cir.1964), the Fifth Circuit has held that appellate review is limited to two issues: (1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole. *Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2001) *citing Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir.1994); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir.1992). This court may not overturn the Secretary's decision if it is supported by substantial evidence–"more than a mere scintilla" -- and correctly applies the law. *Morris* at 745; *Anthony*, 954 F.2d at 292.

Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner.

4

*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

### III. DISCUSSION

**A.** **Substantial Evidence**

The plaintiff's first argument is that the decision of the ALJ is not supported by substantial evidence, asserting three specific errors: 1) that the ALJ erred in finding that the plaintiff's testimony was not entirely credible; 2) that the ALJ failed to consider all medical evidence, specifically an MRI report that was not available at the time of the hearing but was subsequently submitted to the ALJ; and 3) that the ALJ did not fully consider all medical evidence.

    1.    Credibility of plaintiff's testimony

The plaintiff argues that the ALJ found that her testimony lacked credibility based on a single blood test in which opiates were found in her system, and yet when questioned whether she had ever used illegal drugs, she responded, "no sir." (Tr. 266). Plaintiff points out that the April drug screen that shows a positive result for opiates in her system was the result of her taking drugs what were prescribed by a physician for her pain relative to her alleged disability. Plaintiff is correct; the record reflects that she was prescribed Lortab in mid February 2004 by Dr. Victor Gray, and that prescription could be the cause of a positive urine screen for opiates. (*See* Tr. 177, 157). Nevertheless, plaintiff fails to address the ALJ's other points regarding

5

whether plaintiff's subjective complaints and limitations are supported by objective medical evidence. However, in his decision the ALJ articulated numerous legitimate bases for his decision to discount the plaintiff's credibility. See Tr. 30-31.

> The Social Security Disability Benefits Reform Act of 1984 provides that:
>
> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . . ; there must be medical signs and findings . . . which could reasonably be expected to produce the pain or other symptoms alleged. . . . Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C. § 423(d)(5)(A). The Fifth Circuit has held that while a "a claimant's assertion of pain or other symptoms must be considered by the ALJ, [42 U.S.C. § 423(d)(5)(A)] requires that a claimant produce objective medical evidence of a condition that reasonably could be expected to produce the level of pain alleged." *Owens v. Heckler,* 770 F.2d 1276, 1281 (5th Cir. 1985). Case law generally supports the premise that the existence of pain or certain symptoms does not automatically create grounds for disability. Instead, the plaintiff must present objective evidence in support of her claims of pain or other symptoms. The plaintiff's own subjective testimony and other evidence of pain will not take precedence over conflicting medical evidence. *Owens, at* 1281; *see also Harrell v. Bowen* 862 F.2d 471, 481 (5th Cir.1988); *Parfait v. Bowen,* 803 F.2d 810, 813 (5th Cir.1986). It is peculiarly within the province of the ALJ to make determinations regarding credibility of the evidence. *Harrell v. Bowen*, 862 F.2d at 480. The fact that the ALJ did not find that the plaintiff had the severe level of pain that she claimed is completely within the discretion of the ALJ. In this case the ALJ demonstrated that he carefully weighed both plaintiff's testimony and all medical evidence to determine that discrepancies existed and then to

6

find that the objective medical evidence does not confirm the plaintiff's subjective complaints. This court holds that the ALJ was within his power to make this determination and the evidence in this case supports the ALJ's findings.

### 2. Consideration of medical evidence – MRI Report

The plaintiff contends that the ALJ did not give full consideration to the medical evidence in this case and that "[t]he un-favorable decision does not appear to consider Medical Record Exhibits 13F-15F." The undersigned has reviewed the record in this case and finds that the ALJ's review and discussion of the medical evidence as well as application of the evidence to the regulations and standards is quite detailed and well-reasoned. The plaintiff's argument that the ALJ did not consider exhibits 13F-15F is incorrect. The decision states:

> . . . Dr. Louis Rosa, who consulted on the claimant's case, only suggested the claimant be evaluated for rheumatoid arthritis and fibromyalgia. Dr. Rosa noted after reviewing the claimant's MRI that her spine appears in remarkably good health. He opined that any spine surgery would not likely benefit the claimant (Exhibit 14F).

(Tr. 31). The decision references these exhibits and specifically Dr. Rosa's opinion on several other occasions – Tr. 28, 29, 30, and 31. In sum, the undersigned finds that the ALJ duly considered the medical evidence in this case and gave due consideration to the same.

Substantial evidence is evidence that a reasonable mind would accept as adequate to support the decision. *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir.1993), <u>citing</u> *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The plaintiff argues that the decision of the ALJ was not supported by substantial evidence and thus this cause must be remanded for further consideration. In reviewing the decision of the Commissioner, this court

is limited to determining whether there was substantial evidence in the record as a whole to support the decision that the claimant is not under a "disability" as defined by the Social Security Act. 42 U.S.C. § 405(g); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir.1983). *See Green v. Schweiker*, 694 F.2d 108, 110 (5th Cir.1982), *cert. denied*, 460 U.S. 1091, 103 S.Ct. 1790, 76 L.Ed.2d 357 (1983). As stated above, this court may not, however, re-weigh the evidence or substitute judgment for that of the ALJ. *Hollis v. Bowen*, 837 F.2d at 1383 (5th Cir. 1988); *Jones v. Heckler*, 702 F.2d at 620. Where substantial evidence supports the administrative finding, the may then only review whether the administrative law judge applied the proper legal standards and conducted the proceedings in conformity with the applicable statutes and regulations. *Hernandez v. Heckler*, 704 F.2d 857, 859 (5th Cir.1983). Of course, this standard of review is not a rubber stamp for the Commissioner's decision. It involves more than a basic search for evidence supporting the findings of the Commissioner. The court must scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting said findings. *Austin v. Shalala*, 994 F.2d at 1174, <u>citing</u> *Tome v. Schweiker*, 724 F.2d 711, 713 (8th Cir.1984). *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951), *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir.1984).

The record in this cause establishes no doubt that the plaintiff suffers from pain and discomfort; however, she is not entitled to benefits unless she is "disabled" as that term is defined by the Social Security Act, 42 U.S.C. §§ 423(d)(1)(A). *Jones v. Heckler*, 702 F.2d 616 (5th Cir.1983); *See also Heckler v. Campbell*, 461 U.S. 458, 459-61, 103 S.Ct. 1952, 1953-54, 76 L.Ed.2d 66 (1983). The term "disability" is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . .

. has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(I)(1), 423(d)(1)(A). The existence of such disability must be demonstrated by medically acceptable clinical and laboratory diagnostic findings, and the overall burden of proof rests upon the claimant. 42 U.S.C. §§ 423(d)(3), (d)(5); *Jones v. Heckler*, 702 F.2d at 620. The regulations clearly establish that a finding of "not disabled" is appropriate where the claimant is found to be able to perform her past relevant work, either as actually performed or as such work is generally performed in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *see* 20 C.F.R. 404.1520(e), 404.920(e).

Based upon an evaluation of the medical evidence, including medical records of Dr. Rosa and Dr. Marianna Dimitrova, as well as the plaintiff's testimony, the ALJ specifically found the plaintiff suffers from an impairment, but that her condition was of a non-disabling nature. The ALJ concluded that, "[the plaintiff] has the following residual function capacity: lift and carry 20 pounds occasionally, 10 pounds frequently; stand or walk about 6 hours in an 8 hour day; sit about 6 hours in an 8 hour day; push or pull up to 20 pounds occasionally and 10 pounds frequently; occasionally climb, balance, stoop, crouch, kneel, and crawl." (Tr. 32, Finding No. 6). Further, the ALJ found that the plaintiff's RFC did not preclude her past relevant work as a serging machine operator, nor did her medically determinable impairment, degenerative disc disease, prohibit her from performing her past relevant work. *Id.* Finding Nos. 6 and 7. Accordingly, the ALJ determined that plaintiff was not disabled under the Social Security Act.

In light of the ALJ's attention to the medical evidence in the record, including his specifically noting the report of Dr. Rosa, who examined the plaintiff most recently in relation to her hearing date, his findings appear to be supported by substantial evidence and sufficiently

9

articulated reasons. Further, as stated above, the ALJ specifically found that the medical evidence did not support the plaintiff's subjective complaints of pain and inability to perform daily functions. Reviewing the record as a whole, the court finds that the ALJ was not clearly in error in concluding that the plaintiff was not entitled to disability benefits under the Social Security Act, and was not eligible for supplemental security income.

### 3. Full consideration of medical evidence

The plaintiff argues that the ALJ failed to fully consider all medical evidence in the record and that had he done so he would have found that the plaintiff's pain and numbness would be sufficient to equal more than one medical problem. In light of the fact that the undersigned has determined that it was within the ALJ's discretion to determine that the plaintiff's testimony regarding her pain and other symptoms was not entirely credible and that the ALJ was thorough in his review and application of all medical evidence, it follows that the court would conclude that the ALJ did give full consideration to all medical evidence. The court's full examination of the record and review of all testimony does not reveal that the ALJ erred in finding that the plaintiff did not have had such sensory loss (numbness) or pain that would satisfy the "demanding and stringent" criteria of Medical Listing 1.04.[9] *See Falco v. Shalala*, 27 F.3d 160,

---

[9]Medical Listing 1.04 provides:

1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or

162 (5th Cir. 1994). Accordingly, the plaintiff's claim as to this point should also be denied.

**B.      Testimony of Vocational Expert**

The plaintiff submits that the testimony of the VE was incomplete in that he did not testify whether fine manipulation of the hands was required by the jobs he identified, and if so, whether plaintiff could then perform those jobs. Pursuant to 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv),

> At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

According to the plaintiff's application for disability benefits, plaintiff's past employment as a serging machine operator for a clothing manufacturer did not require her to ever lift more than twenty pounds and no more than ten to twenty pounds frequently. (Tr. 112). Further, she indicated that this job required only one hour of standing or walking each day and seven to eight hours of sitting. Accordingly, the plaintiff's description of her job as a serging machine operator falls into the category of light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b).[10] In

---

> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
> or
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

[10] Pursuant to applicable regulations, "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even

his decision, the ALJ found that the plaintiff retained the residual functional capacity to lift and carry 20 pounds occasionally, 10 pounds frequently; stand or walk about 6 hours in an 8 hour day; sit about 6 hours in an 8 hour day; push or pull up to 20 pounds occasionally and 10 pounds frequently; occasionally climb, balance, stoop, crouch, kneel, and crawl." (Tr. 32, Finding No. 6). At the hearing, the VE, Segrave Cates, testified that the plaintiff's past work as a serger operator would be considered a low level, semi-skilled position at the light exertional level. (Tr. 284). Upon questioning, the VE stated that a person with the same age, educational background, and work history as the claimant, who can occasionally lift 20 pounds, frequently lift 10 pounds, can walk or stand 6 hours out of an 8 hour work day, sit for 6 hours in an 8 hour day and may occasionally climb, balance, stoop, crouch, kneel or crawl would be able to perform work as a surger operator. (Tr. 284-285). When asked if such a person who was limited in her dexterity, not as to gross manipulation but as to her ability to feel the size, shape, temperature or texture of objects with her fingertips, and who can only handle small object on an occasional basis return to her past relevant work, the VE stated that she could not. (Tr. 285 - 286). The VE then went on to testify regarding jobs that such an individual, with limited manual dexterity, could perform. (Tr. 286 - 287).

According to the plaintiff, the VE, in his testimony, identified jobs which the plaintiff does not have the manual dexterity to perform. However, pursuant to SSR 82-56, if the plaintiff

---

though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."

retains the "RFC to meet the physical and mental demands of jobs a [plaintiff] has performed in the past (either the specific job a claimant performed or the same type of work as it is customarily performed throughout the economy) [such] is generally a sufficient basis for a finding that the individual is not disabled." This ruling, in conjunction with the applicable C.F.R. sections, *supra*, underlines the principle that the ALJ did not need to solicit the testimony of a VE to determine that the plaintiff was not disabled. The fact that he did elicit the VE's opinions simply further underscores the fact that the plaintiff is able to return to her past relevant work. Although the plaintiff's argument regarding dexterity and fine manipulation is noteworthy, she fails to offer objective medical evidence to show that she does actually have difficulty manipulating certain things or problems with her dexterity. There are very few references throughout the record to any problems, pain or other symptoms, that the plaintiff may have. The plaintiff's own testimony focuses on the medical problems with her neck, shoulder, back and lower extremities. She makes only two statements regarding numbness in her hand and loss of grip strength. (Tr. 272, 281). Further, the medical evidence in the record is minimal regarding the what effect, if any, the plaintiff's medical problems have on her hands or fingers. The undersigned cannot find that the weight of the evidence does not support the ALJ's determination. Rather there is clear evidence supporting the ALJ's decision and very little outside plaintiff's subjective complaints that would support the plaintiff's arguments. Accordingly, the court finds that the decision of the ALJ should be affirmed.

## IV. CONCLUSION

For the forgoing reasons, the undersigned finds that the decision of the ALJ is supported by substantial evidence and should be affirmed. The parties are referred to 28 U.S.C.

13

§636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectfully submitted.

The 20th day of March, 2007.

    /s/ S. ALLAN ALEXANDER
UNITED STATES MAGISTRATE JUDGE